UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **REVONDIA MARY JORDAN,** ) | |
| ) | |
| Plaintiff, ) | **Case No. 3:14-cv-01803** |
| ) | **Judge Sharp** |
| v. ) | |
| ) | |
| **CAROLYN W. COLVIN** ) | |
| **Acting Commissioner of** ) | |
| **Social Security,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Pending before the Court is *Plaintiff's Motion for Judgment on the Administrative Record* (Docket Entry No. 12). The motion has been fully briefed by the parties.

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for Supplemental Security Income ("SSI"), as provided by the Social Security Act ("the Act"). Upon review of the administrative record as a whole and consideration of the parties' filings, the Court finds that the Commissioner's determination that Plaintiff is not disabled under the Act is supported by substantial evidence in the record as required by 42 U.S.C. § 405(g). Plaintiff's motion will be denied.

### I. INTRODUCTION

Plaintiff filed an application for SSI on April 12, 2011. The claim was initially denied on July 12, 2011, and upon reconsideration on October 31, 2011. Plaintiff had an initial hearing before an Administrative Law Judge ("ALJ") on April 3, 2013. On May 3, 2013, the ALJ issued a decision denying her claim. Plaintiff timely filed an appeal with the Appeals Council, which

1

issued a written notice of denial on July 2, 2014, thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FIDNINGS

The ALJ issued an unfavorable decision on May 3, 2013. (AR p. 13). Based upon the record, the ALJ made the following enumerated findings:

1. The claimant has not engaged in substantial gainful activity since April 12, 2011, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severed impairments: degenerative disc disease; obesity; anxiety; and drug abuse in reported remission (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a), except she is limited to work involving simple or detailed one- to three-step instructions.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on October 10, 1968 and was 42 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimants age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since April 12, 2011, the date the application was filed (20 CFR 416.920 (g)).

(AR pp. 15-20).

## III. REVIEW OF THE RECORD

The following summary of the evidence of record is taken from Plaintiff's brief, Docket Entry No. 17 at pp. 3-4:

> Records in the file show assessments of lumbar post-laminectomy syndrome; lumbar radiculopathy; lumbar spinal stenosis; and opioid dependence. R. 252.
>
> The Plaintiff has received treatment at Volunteer Behavioral Health Care Systems for chronic PTSD and cocaine dependence. R. 335.
>
> A lumbar MRI as early as March 13, 2009, revealed post-operative changes of laminectomy and posterior fusion at L5-S1 with residual disc fragment or osteophytes at L5-S1. R. 416.
>
> A subsequent MRI on September 22, 2008, showed degenerative changes most pronounced at L4-5 where a broad-based disc bulge eccentric to the left producing moderate left neuroforaminal stenosis, mild central canal stenosis and mild right neural foraminal stenosis. R. 555.
>
> On September 24, 2008, the Plaintiff underwent a lumbar laminectomy due to recurrent herniated nucleus pulpous at L5-S1. R. 422.
>
> On February 3, 2010, the Plaintiff was admitted for atypical chest pain with a nuclear perfusion study suggestive of myocardium at ischemic risk. R. 352.
>
> Records in the file show that the Plaintiff has been treated in the ER on multiple occasions for back pain. R. 516.
>
> Dr. William Huffman performed a consultative examination on June 14, 2011. It is his examining opinion that the Plaintiff would not be able to lift over ten pounds; she could sit up to four hours; stand up to two hours; walk up to two hours; and is unable to walk more than ten feet without a cane. R. 449. He completed a Medical Source Statement and noted that she would be unable to sit more than thirty minutes at one time; stand more than twenty minutes at one time; or walk more than ten minutes at one time without interruption. R. 450.
>
> Connie Wark, LCSW, and Diana Frances, LCSW, completed Mental Medical Source Statements on August 17, 2011, and again on January 9, 2013. It is their

treating opinions that the Plaintiff has multiple extreme limitations in the ability to perform work-related activities. R. 650 and 800.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

**A. Standard of Review**

The determination of disability under the Act is an administrative decision. The only questions before this Court are: (i) whether the decision of the Commissioner is supported by substantial evidence; and (ii) whether the Commissioner made any legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010); *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986).

Substantial evidence has been defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)).

The Court must examine the entire record to determine if the Commissioner's findings are supported by substantial evidence. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers*

*v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and final determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g., Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

### B. Determining Disability at the Administrative Level

The claimant has the ultimate burden of establishing her entitlement to benefits by proving her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d) (1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(D); 20 CFR §§ 404.1512(a), (c), 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if she applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 CFR §§ 404.1520(b), 416.920(b).

Second, the claimant must show that she suffers from a severe impairment that meets the twelve month durational requirement. 20 CFR §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are of sufficient severity as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 CFR §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such a showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render her presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to her past relevant work. *Combs, supra*. "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 CFR § 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir.1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs, supra*.

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). In order to rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the five-step sequential evaluation process, the claim is not reviewed further. 20 CFR § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

**C. Plaintiff's Assertion of Error**

Plaintiff argues that the ALJ erred (1) by not giving proper weight to the opinion of the Plaintiff's treating social workers; (2) by failing to give proper consideration to the opinion of consultative examiner; (3) by inappropriately deferring the opinions of non-examining medical consultants over the opinion of treating sources and examining physicians in determining the limitations on the Plaintiff's RFC; (4) by failing to properly consider all of the Plaintiff's impairments and by failing to provide sufficient reasons for not finding these impairments to be severe; and (5) by failing to include a function-by-function assessment in the RFC assessment as required by SSR 96-8p. (Docket Entry No. 12-1 at pp. 1-2). Plaintiff contends that the Commissioner's decision should be reversed and benefits should be granted or in the alternative, be remanded. (*Id*. at 14). Sentence four of 42 U.S.C. § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Additionally, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). Plaintiff's assertions of error are addressed below.

*1. The ALJ erred by not giving proper weight to the opinion of the Plaintiff's treating sources, Connie Wark LCSW and Diana Frances LCSW*

Plaintiff first argues that "[a]lthough Connie Wark LCSW and Diana Frances LCSW, are not 'acceptable medical sources,' the ALJ failed to properly consider their opinions on the Medical Source Statements as required by SSR 06-3p." (Docket Entry No. 12-1 at p. 6). Lark and Frances completed Mental Medical Source Statements on August 17, 2011, and again on January 9, 2013. (*Id*.). According to Plaintiff, "[i]t is their treating opinions that [] Plaintiff has multiple limitations in the ability to perform work-related activities." (*Id*.) (citing R. 650 and 800). Plaintiff continues, though "they are not 'acceptable' medical sources, strong consideration" should have given to their opinions. (*Id*.).

The regulations describe "acceptable" medical sources as those who may establish whether an individual has a medically determinable impairment. *See* 20 C.F.R. § 404.1513 ("Medical and other evidence of your impairment(s)."). Social Security Ruling 06-03p states that in certain situations these "other" opinions by non-acceptable medical source can be given greater weight than that of the acceptable medical source, however, the ruling makes clear that doing so is dependent on the facts of that particular case. *See* SSR 06-03p. An opinion from an "other" source is "not entitled to any special deference." *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 550 (6th Cir. 2014) ("Thus, the ALJ properly considered the Cox's opinion as an "other source" and explained her reasons for giving it "little to no weight.").

Ultimately, the ALJ considered the relevant opinions by the social works and determined that they were considered, but not supported by the record. (Tr. 19). If the ALJ's findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. *Warner v. Comm. Of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). The Court therefore finds that substantial evidence supports the ALJ's determination in this instance.

9

*2. The ALJ erred by failing to give proper consideration to the opinion of consultative examiner, Dr. William Huffman*

Plaintiff next argues that the ALJ erred by failing to give proper consideration to Dr. William Huffman's opinion. According to Plaintiff,

> Dr. William Huffman performed a consultative examination on June 14, 2011. It is his examining opinion that the Plaintiff would not be able to lift over ten pounds; she could sit up to four hours; stand up to two hours; walk up to two hours; and is unable to walk more than ten feet without a cane. R. 449. He completed a Medical Source Statement and noted that she would be unable to sit more than thirty minutes at one time; stand more than twenty minutes at one time; or walk more than ten minutes at one time without interruption. R. 450.
>
> Dr. Huffman physically examined the Plaintiff before rendering an opinion as to her limitations and abilities. Certainly he was in a better position to render an opinion than State Agency Medical Consultants who have never examined the Plaintiff. The ALJ mentions Dr. Huffman's limitations in his decision. However, he failed to state whether he gave any weight to Dr. Huffman's opinion nor provide reasoning for discounting it.

(Docket Entry No. 12-1 at p. 10).

The ALJ noted the following concerning Dr. Huffman's opinion, "[t]he opinion of Dr. Huffman appears to be somewhat overly restrictive in light of the medical evidence and his own examination, but it is given partial weight." (AR at p. 18).

The ALJ may rely on opinions from consulting doctors. *See Brown v. Comm'r of Soc. Sec.*, No. 14-1626, 2015 WL 163059, at *1 (6th Cir. Jan. 13, 2015) ("The ALJ gave 'some weight' to the opinions of three consulting physicians…"). While all medical opinions are evaluated as discussed in 20 C.F.R. § 404.1527, opinions by consulting or non-treating doctors need not be evaluated in accordance with the treating physician rules outlined by the Sixth Circuit. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 730 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527 and *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).

The record reflects that the ALJ not did reject the opinion of Dr. Huffman; rather, he gave give partial weight to the opinion – and elucidated that the opinion appeared to be "somewhat overly restrictive in light of the medical evidence and his own examination." The Court finds that the ALJ demonstrated proper consideration of Dr. Huffman's opinion.

*3. The ALJ erred in inappropriately deferring the opinions of non-examining medical consultants over the opinion of treating sources and examining physician, Dr. William Huffman, Connie Wark LCSW, and Diana Frances LCSW, in determining the limitations on the Plaintiff's RFC*

Plaintiff's third argument is that the ALJ erred in giving significant weight to the opinions of non-examining state agency physicians. Plaintiff contends,

> The ALJ awarded more weight to State Agency Medical Consultants than he did Ms. Wark, Ms. Frances, or Dr. Huffman. It should be noted that these Medical Consultants at no point physically examined the Plaintiff.
>
> The ALJ provided no sufficient reasons for more closely scrutinizing the opinions of examining physician, Dr. Huffman, and treating sources, Ms. Frances and Ms. Wark, than he did the opinions of State Agency Medical Consultants, who have never met, much less examined the Plaintiff.

(Docket Entry No. 12-1 at pp. 11-12). Defendant counters,

> In this case, the State agency doctor's evaluated Plaintiff's medical records and completed physical and mental functional capacity opinions (Tr. 457-84, 490, 527). The ALJ considered the State agency non-examining doctor opinions, and found that the physical opinions were "somewhat optimistic" and only due "partial" weight (Tr. 18). With regard to the mental health opinions, the ALJ gave greater weight to these "acceptable" opinions of record than to the opinions of Plaintiff's social workers (Tr. 19).
>
> This is reasonable and is consistent with SSA's regulations and policies. While the ALJ is not bound by the opinion of a non-examining physician, he may consider such an opinion in making his disability determination. See 20 C.F.R. § 416.927; SSR 96-6p; see also Reynolds v. Secretary of H.H.S., 707 F.2d 927, 930 (6th Cir.1983) (ALJ "relied heavily upon the opinion of a review physician…" which "the regulations permit" along with a review of the other medical evidence in reaching an independent determination). "In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources." SSR 96-6p.

> ***
>
> Plaintiff does not identify a treating physician opinion, but rather complains that the ALJ did not properly evaluate the opinions of a one-time consulting doctor and two social workers. This is not the same.

(Docket Entry No. 13 at pp. 10-12).

As stated *supra*, while all medical opinions are evaluated as discussed in 20 C.F.R. § 404.1527, opinions by consulting or non-treating doctors need not be evaluated in accordance with the treating physician rules outlined by the Sixth Circuit. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 730 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527 and *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). After a thorough review the record, the Court finds no error in the ALJ's evaluation of opinions as it related to Plaintiff's limitations on her residual functional capacity.

*4. The ALJ erred by failing to properly consider all of the Plaintiff's impairments and by failing to provide sufficient reasons for not finding these impairments to be severe*

Next, Plaintiff takes issue the ALJ's assessment in the residual function capacity evaluation – claiming he failed to include a function-by-function assessment. The ALJ found the following as to Plaintiff's severe impairments:

> The claimant has the following severe impairments: degenerative disc disease; obesity; anxiety; and drug abuse reported remission (20 CFR 416.920(c)).
>
> These impairments have more than a minimal impact on the claimant's ability to perform basic work activities.
>
> ***
>
> The claimant does not have an impairment or condition of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.926)
>
> The claimant's back condition does not meet or medically equal the criteria of listing 1.01. When considered in light of SSR 02-01p, the claimant's obesity,

whether analyzed individually or in combination with another impairment, does not meet or medically equal any listing.

The severity of the claimant's mental impairments, considered singly and in combination, do not meet or equal the criteria of listings 12.04 and 12.09. In making this finding, the undersigned has considered whether the "paragraph B" criteria are satisfied. To satisfy the "paragraph B" criteria, the mental impairments must result in at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. . .

In activities of daily living, the claimant has no restriction. She can manage her personal care, prepare simple meals, and drive. She testified that she babysits her grandchildren occasionally. She alleges that her only limitations in this area are due to physical pain.

In social functioning, the claimant had mild difficulties. She is able to go out by herself and does her own grocery shopping. She testified that she attends church weekly and lives with her boyfriend of two years.

With regard to concentration, persistence or pace, the claimant has moderate difficulties. She is able to read and write well, and she can follow instructions. Pain and medications cause her to be irritable and drowsy.

***

Because the claimant's mental impairments do not cause at least two "marked" limitations or one "marked" limitations and "repeated" episodes of decompensation, each of extended duration, the Paragraph B" criteria are not satisfied.

The undersigned also considered whether the "paragraph C" criteria are satisfied. In this case, the evidence fails to establish the presence of the "paragraph C" criteria. The medical evidence of record does not establish that the claimant has the complete inability to function independently outside the area of her home as required by listing 12.06c.

(AR at pp. 15-16). It is clear that the ALJ provided sufficient reasons for his determination as to the severity of Plaintiff's impairments. The Court finds no error here.

*5. The ALJ erred by failing to include a function-by-function assessment in the RFC assessment as required by SSR 96-8p*

Plaintiff's fifth and final argument is that the ALJ did not provide a "function-by-function assessment" that she argues is required by SSR 96-8p.

Regarding the issue of a "function-by-function" assessment, SSR 96-8p states that the RFC assessment must identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis. SSR 96-8p. The ALJ "must discuss the individual's ability to perform sustained work activities" and "must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p. "Residual functional capacity is an 'assessment of [the claimant's] remaining capacity for work,' once her limitations have been considered. 20 C.F.R. § 416.945(a)." *Stankoski v. Astrue*, 532 F. App'x 614 (6th Cir. 2013).

The Court has reviewed the RFC analysis and finds no error in the ALJ's assessment of Plaintiff's residual functional capacity.

## V. CONCLUSION

The Court concludes that the findings of the ALJ are supported by substantial evidence on the record as a whole, and are free from legal error. With such support, the ALJ's decision must stand, even if the record also contains substantial evidence that would support the opposite conclusion. *E.g., Longworth c. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

For all of the reasons stated, the Court will deny Plaintiff's *Motion for Judgment on the Administrative Record* (Docket Entry No. 12).

An appropriate Order shall be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE